IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Steven M. PATROW, Attorney at Law.

Supreme Court

*No. 92-2868-D. Filed April 26, 1993.*

(Also reported in 498 N.W.2d 397.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Steven M. Patrow to practice law in Wisconsin be suspended for two years as discipline for professional misconduct and that the suspension continue for an indefinite period until Attorney Patrow cooper-

ates with the Board of Attorneys Professional Responsibility (Board) in a pending investigation into allegations of his misconduct. The referee's disciplinary recommendation consists of two parts: an 18-month license suspension as discipline reciprocal to that imposed on Attorney Patrow in Minnesota for misconduct consisting of neglect of client legal matters, misrepresentation to clients concerning the status of those matters and his actions therein and preparation and use of false court orders, and a six-month license suspension as discipline for having practiced law in Wisconsin while suspended from practice and failure to cooperate with the Board in its investigation of a client's grievance. The referee further recommended that the suspension of Attorney Patrow's license to practice law continue until he fully cooperates with the Board in its investigation of that grievance.

We determine that the discipline recommended by the referee is appropriate for imposition on Attorney Patrow for his professional misconduct considered in this proceeding. By that misconduct, Attorney Patrow has violated an attorney's fundamental duty of honesty toward clients and the courts, to the extent of fabricating what he purported to be court documents to lend support to his misrepresentations. Attorney Patrow also has demonstrated his unwillingness to submit to the authority of this court in regulating attorney conduct for the protection of the public.

Attorney Patrow was admitted to practice law in Wisconsin in September, 1986. He practices primarily in Minnesota, where he was admitted in 1985. He has not previously been the subject of an attorney disciplinary proceeding in Wisconsin.

Pursuant to a stipulation by which Attorney Patrow admitted the allegations of the Board's complaint in this

proceeding, the referee, Attorney John N. Schweitzer, made the following findings of fact. In March, 1991, the Minnesota Supreme Court suspended Attorney Patrow's license to practice law there indefinitely, effective March 18, 1991, for professional misconduct, providing that he would not be eligible for reinstatement for a period of 18 months. The professional misconduct for which his license was suspended is the following.

A woman retained Attorney Patrow in a post-divorce proceeding in Minnesota to uncover assets of her former spouse and to obtain an increase in child support. After filing an initial motion, Attorney Patrow neglected the matter and did not bring it on for hearing from December, 1989 to June, 1990. In response to the client's inquiries, he misrepresented to her that the motion was set for a hearing, that the hearing had been held and support had been increased and that her husband had been ordered to maintain a life insurance policy to secure his support obligation. He also prepared a false order setting forth the terms he had misrepresented to his client and included the judge's name in the signature area. He later told his client's former spouse, the spouse's attorney and the county support collection officer that the false order was genuine and had been issued by the court.

Thereafter, Attorney Patrow told his client he had recovered approximately $4,000 in child support arrearages and, after several calls from the client, directed the bookkeeper at the law firm where he was employed to issue a trust account check to the client. However, there were no funds on deposit in the firm's trust account to cover that check and the law firm demanded that he retrieve the trust account check from the client. After making additional misrepresentations to the client, Attorney Patrow admitted in February, 1991 that he had

made the misrepresentations and refunded the fees the client had paid him and advised her to obtain other counsel.

In another matter, Attorney Patrow represented a woman in a paternity proceeding in June, 1989. During the course of that proceeding, he responded to his client's inquiry by misrepresenting to her that the putative father had admitted paternity. He also made numerous misrepresentations to her regarding non-existent child support orders. He ultimately admitted to the client that he had lied to her about those orders.

In respect to the professional misconduct determined in the Minnesota proceeding, the referee in this proceeding found that Attorney Patrow's conduct would have violated the Wisconsin rules of professional conduct for attorneys that correspond to the rules he was found to have violated in the Minnesota proceeding. Further, the referee concluded that the indefinite suspension, with the 18-month minimum, imposed in Minnesota was based on the grounds for reciprocal discipline to be imposed here, pursuant to SCR 22.25.[1]

In Wisconsin, between January, 1989 and March, 1991, Attorney Patrow represented a man in an action in Burnette county. In that action, he prepared and filed

---

[1] SCR 22.25 provides:

**Reciprocal discipline.**

(1)   An attorney admitted to practice law in this state, upon being subjected to public discipline or suspended for medical incapacity in another jurisdiction, shall promptly inform the administrator of the action. Failure to furnish the notice within 20 days of the effective date of the order or judgment constitutes misconduct.

(2)   Upon the filing of a certified copy of a judgment or order of another jurisdiction imposing discipline or suspending for medical incapacity of an attorney admitted to practice in this state, the administrator shall file a complaint with the clerk of the supreme court containing . . ..

pleadings and other documents, made court appearances, engaged in settlement negotiations and exchanged correspondence with other counsel. During this time, however, Attorney Patrow was suspended from the practice of law in Wisconsin for failure to satisfy continuing legal education requirements.

When the client filed a grievance with the Board alleging that Attorney Patrow neglected his case, failed to inform him of its status and made misrepresentations to him regarding it, the Board wrote to Attorney Patrow requesting a written response to the grievance. Attorney Patrow did not respond. Some six weeks later, the Board sent Attorney Patrow a certified letter requiring a written reply by a specified date; Attorney Patrow did not respond. Attorney Patrow also did not respond to two additional letters from the Board requiring a written response to the client's grievance.

The referee concluded that, by continuing to practice law in Wisconsin after being suspended for failure to comply with CLE requirements, Attorney Patrow violated SCR 20:5.5(a)[2] and SCR 22.26(2).[3] In addition, his failure to submit a written response to the Board consti-

---

[2] SCR 20:5.5 provides:

**Unauthorized practice of law**
     A laywer shall not:
     (a)   practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction . . ..
[3] SCR 22.26 provides:

**Activities on revocation or suspension of license.**
     . . .
     (2)   A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

tuted a failure to cooperate during an investigation, in violation of SCR 21.03(4)[4] and 22.07(2).[5]

As discipline for that misconduct, the referee recommended that the court suspended Attorney Patrow's license to practice law in Wisconsin for two years, commencing the date of the court's order. The referee further recommended that the court require him to cooperate fully with the Board in its investigation of the grievance filed by the client who retained him in Wisconsin, failing which the license suspension will continue until he has done so and the Board so confirms to the court. Finally, the referee recommended that Attorney Patrow be required to pay the costs of this proceeding by the end of the suspension period.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Patrow's misconduct in these matters and accept the recommendation for dis-

---

[4] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

cipline to be imposed for it. We do not, however, accept the referee's recommendation that Attorney Patrow be required to pay the costs of this proceeding prior to the end of the suspension period; rather, we require him to pay the costs within 60 days.

IT IS ORDERED that the license of Steven M. Patrow to practice law in Wisconsin is suspended for a period of two years, commencing the date of this order.

IT IS FURTHER ORDERED that the license suspension ordered herein shall continue until the Board of Attorneys Professional Responsibility shall certify to the court in writing that Attorney Patrow has cooperated fully in the Board's investigation into allegations of his professional misconduct and until further order of the court.

IT IS FURTHER ORDERED that within 60 days of the date of this order Steven M. Patrow pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Steven M. Patrow to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Steven M. Patrow comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.